## ROTHENSTEIN v. I. DAVEGA, Jr., Inc.

### (Supreme Court, Appellate Term. June 25, 1909.)

JUDGMENT (§ 720*)—RES JUDICATA.

 The judgment adverse to R. on his counterclaim for the agreed price of articles in an action against him by D., in which the only question contested, as to the counterclaim, was whether the contract on which the counterclaim was based was as claimed by R., is a bar to an action by R. against D. for conversion of the articles, based on the contract having been as contended by R. in the former action.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Max Rothenstein against I. Davega, Jr., Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Adolph B. Rosenfield, for appellant.

Meyer Greenberg, for respondent.

PER CURIAM. This action was brought to recover damages for the alleged conversion of certain phonograph records. The plaintiff adduced evidence to prove that the records were delivered to and accepted by the defendant under an agreement between the parties whereby the defendant agreed to accept the return of the records and allow the plaintiff a credit of 20 cents for each record returned or to pay him in cash on that basis; that the defendant refused to allow the credit or pay cash for the records delivered, and, having failed to perform the agreement, also refused to return the goods on demand. The defendant adduced evidence to prove that the records were delivered to him under an agreement substantially different from that alleged by the plaintiff, and that he was ready to carry out the agreement under which the records were returned. He also offered in evidence, as a bar to the present action, a judgment roll in an action brought by the Davega corporation against Rothenstein to recover the balance due for records alleged to have been sold and delivered to him. This claim included the records that are the subject of the present cause of action. Rothenstein pleaded a counterclaim, under which he sought to recover the agreed price of the records, which he now alleges were converted by the defendant.

Upon the trial in the former action the defendant admitted the plaintiff's claim to be correct, and the sole question presented for determination was whether the defendant established his counterclaim. The counterclaim set up by Rothenstein in the former action was based upon the contention that the contract under which the records were returned was what he claims it to be in this action. The defense to the counterclaim in the former action was the same as that presented in the present action to defeat Rothenstein's claim of conversion. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court awarded judgment in the former action in favor of the plaintiff for the amount claimed. It is clear, from a review of the record in the former action, that the only question contested was whether the agreement under which the records were returned was as claimed by Rothenstein, and this question was determined adversely to him. The same issue having been litigated between the same parties in a former action, the judgment entered in the former action acted as a complete bar to the present action.

Judgment reversed, and complaint dismissed.